FRANCES B. HEWITT, joined by her husband, N. C. HEWITT, *Plaintiff in Error*, v. W. T. ADAIR, *Defendant in Error*.

135 So. 560.

En. Banc.

Opinion filed June 9, 1931.

*Leitner & Leitner*, for Plaintiffs in Error;

*Clyde A. Allen* and *W. W. Sinclair*, for Defendant in Error.

BUFORD, C.J.—On the 24th day of March, 1926, defend-

ant in error leased a building from the plaintiffs in error. The lease was in writing under seal and was for a term of three years from the 1st day of April, 1926, at the rental of $300.00 per month to be paid in advance. The lessee or his assignee paid the rent in full to November 1, 1927. Then there was an agreement between Dunn, the assignee of the lessee, and the lessors that the lessors would reduce the rent to the sum of $200.00 per month and Dunn paid $200.00 per month for November and December and the lessors gave him receipt for $300.00 per month. In other words, they accepted the $200.00 per month as full rental for November and December, Dunn paid $200.00 per month for January and February, 1928, but the lessor gave him receipt for only $200.00. In March or April of 1928, after an agreement between Dunn and one Coleman and the lessors, Coleman took over the business being run in the garage and took a lease in writing from the lessors to run to April 1, 1930, at $150.00 per month. The lease from lessors to lessee, Coleman, does not appear in the record but the lessors who were plaintiffs here, introduced evidence showing that such lease was so made in writing and signed by the parties some time in March or April of 1928 and to run to April 1, 1930.

Lessors sued the original lessee, claiming the right to recover the difference between the amount of rent received for the months of January and February of 1928 and the amount of monthly rental named in the lease, being $200.00, and the difference between $150.00 per month and $300.00 per month, that is the sum of $150.00 per month from March 1, 1928, to April 1, 1929, being thirteen months, being $1950.00, a total of 2150.00.

Judgment was for the defendant and the plaintiffs sued out writ of error.

When plaintiffs took a new lease from Coleman during the period when the Adair lease was in force and providing that the Coleman lease should run for one year longer than

the Adair lease they constituted Coleman their tenant and, having delivered the property to Coleman under that lease and agreement, Adair was released from any further obligation for rents under his original lease.

Mr. Thompson, in his work on Real Property, Vol. II, paragraph 1462, says:

"Where a landlord agrees to a surrender of the premises by his lessee and to accept another tenant in his place and the new tenant goes into possession, these facts constitute a transfer of possession to the landlord and, hence a surrender by operation of law".

In this case Dunn was the assignee of Adair and the record shows that the lessors agreed to a surrender of the premises by Dunn, the assignee of the lessee, and agreed to accept Coleman as their tenant. By this act the lessors are estopped from enforcing the payments of rent from Adair after having made the lease to Coleman. Therefore, the plaintiffs could not recover from Adair any rent accruing after March 1, 1928. The plaintiffs were, however, entitled to recover for the balance of the rent unpaid for January and February, 1928. The fact that the lessor agreed with the assignee to accept a lower rent does not discharge the continued liability of the lessee under his expressed covenant. 36 C. J. 373; Wineman vs. Phillips, 92 Mich. 223, 53 N. W. 168.

The judgment should have been against the defendant for the sum of $200.00 with interest from March 1, 1928. The judgment is reversed and the cause remanded.

WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.

ELLIS, J., dissents.